UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRIMELENDING, *A Plainscapital Company*, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 1:24-mc-91611-IT |
| ROBERT WILLIAM NICKLAS, | * * | |
| Defendant. | * * | |

MEMORANDUM & ORDER
January 6, 2025

TALWANI, D.J.

Pending before the court is Plaintiff PrimeLending, A Plainscapital Company's ("PrimeLending") Motion to Confirm Arbitration Award [Doc. No. 1]. For the reasons that follow, the Motion is granted.

I. Background

PrimeLending and Defendant Robert Nicklas entered into an employment agreement dated April 20, 2022. Mot. Ex. 1 11–22 [Doc. No. 1-1]. Pursuant to that agreement, all covered disputes that the parties could not resolve through preliminary negotiation were to be "resolved exclusively through final and binding arbitration . . . ." Mot. Ex. 1 17 [Doc. No. 1-1]. The agreement allowed confirmation of the award "in any court having jurisdiction" following arbitration proceedings. Id. at 18.

After Nicklas's employment ended, PrimeLending filed a Demand for Arbitration seeking the return of a sign-on bonus it had advanced to Nicklas and moved for judgment on the pleadings. Mot. Ex. 1 ¶ 13–19, 34 [Doc. No. 1-1] (demand); Mot. Ex. 2 [Doc. No. 1-2] (motion). Nicklas did not respond to these filings, and the arbitrator decided PrimeLending's Motion on

the papers. Mot. Ex. 3 [Doc. No. 1-3] (arbitrator's decision). On May 1, 2024, the arbitrator awarded PrimeLending $70,000 in damages. Id.

PrimeLending moved in this court for judicial confirmation of the arbitration award on November 27, 2024. Mot. [Doc. No. 1]. PrimeLending served its motion on December 9, 2024. Aff. [Doc. No. 6]. Nicklas has not appeared in this action.

## II.   Discussion

The Federal Arbitration Act ("FAA") provides for judicial confirmation of an arbitration award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9. "The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." Id. § 13. Proceedings to confirm an arbitration award thus serve to "make[] the award a judgment of the court." See Bacardi Int'l Ltd. v. V. Suarez & Co., 719 F.3d 1, 13 (1st Cir. 2013).

Here, PrimeLending initiated arbitration proceedings pursuant to an arbitration clause in its employment agreement with Nicklas that provides for judicial confirmation of an arbitral award. Mot. Ex. 1 [Doc. 1-1] (arbitration demand); Mot. Ex. 2 [Doc. 1-2] (agreement). Nicklas has not appeared here and has not argued that any circumstances for vacating or modifying the

award are present. Consequently, the court grants PrimeLending's Motion [Doc. No. 1] pursuant to the FAA. See 9 U.S.C. §§ 9, 13.

### III.  Conclusion

For the foregoing reasons, PrimeLending's Motion [Doc. No. 1] is GRANTED and the arbitrator's award [Doc. No. 1-3] is CONFIRMED pursuant to 9 U.S.C. §§ 9 and 13.

IT IS SO ORDERED.

January 6, 2025                                        /s/Indira Talwani
                                                       United States District Judge